## WILLIAM BURK vs. JOHN HOWARD.

1. If a woman who usually acts as the agent of her husband in his absence, borrows money and purchases property with it, which is afterwards used and claimed by him, the husband is liable for the debt, although he was never spoken to about it.
2. If a woman who usually acts as the agent of her husband in his absence, borrows money under such circumstances as would make it the debt of her husband, and suffers the same to remain unpaid for more than six years, a promise by the wife in the absence of the husband, would take the debt out of the statute of limitations, and revive it against him.

ERROR TO ST. LOUIS COURT OF COMMON PLEAS.

Holmes for plaintiff.

1. The verdict of the jury was flatly against the instructions of the court.
2. That the simple fact that in 1837, the wife was in the habit of doing business for the husband in his absence as his agent, though it may sustain his liability for a loan made at that time, is no evidence whatever of authority to the wife, eight years afterwards, to make a new promise to take a debt, which is barred, out of the statute of limitations. The authority had long since ceased by the total consummation and ending of the subject matter of it. Sto. Agency sec. 500, sec. 430, sec. 462.
3. A verdict will be set aside where it is manifestly against the weight of evidence, and much more where there is no evidence to warrant such a verdict in law. Hartt vs. Leavenworth 11 Mo. 629; 3 Mo. 484; Gra. New Tr. 278, 283, when evidence wholly insufficient verdict will be set aside and a new trial granted.

Hudson for defendant.

1. By the evidence set out in the bill of exceptions it appears that plaintiff was a pilot on the river, and most of his time absent from the State, that his wife was his agent and transacted all his business; she purchased the slave, and borrowed the money to pay for her. After the purchase it appears that Burk took possession of the negro girl, kept her in his family as his servant; interpleaded and claimed her when she was taken by the sheriff on execution against Stilwell, thus recognizing the acts of his wife and adopting her contracts, he availed himself of the benefit arising from the purchase, and in justice ought to pay for the slave. It is contended that the conduct of Burk and his claiming of the slave as his property would be sufficient to render him liable, even if the plaintiff below had introduced no witness to prove the fact that Burk's wife acted as his agent.
2. The admissions of Mrs. Burk while acting as the agent of her husband, are obligatory upon him See 1 Co. R. 394; 10 John. R. 46, 7; 2 Starkie on E. 42, 3; ib. 45, 6; ib. 56, 7; Smith Mercantile Law Ed. of 1847, 128; Theobold on Pri. & Agt. 286, 7.
3. The fact of the plaintiff in error taking possession of the slave and converting her as his property, rendered him liable in this action. 10 John. Rep. 119, 20; ib. 46, 47.

Judge Birch delivered the opinion of the court.

Howard sued Burk, in assumpsit, for money loaned to his wife under the following circumstances : Burk was a steamboat pilot, and while

WILLIAM BURK vs. JOHN HOWARD.

absent upon the river his wife was in the habit of transacting business for him as his agent. In the year 1837, Howard was introduced to Mrs. Burk by one Charles Smith, and at his instance loaned her two hundred dollars, for the purpose of purchasing a negro girl. In June 1845, Smith went with Howard to Mrs. Burk for the money, twenty dollars of which she paid him, and promised the balance as soon as she could get it. The defendant was not present on either of these occasions, nor was there any testimony that he had ever been seen or spoken to concerning the transaction. It was in testimony, however, that the negro girl which was purchased with the money, thus borrowed lived in the family of the defendant, and that upon one occasion, when an execution was levied upon her, at the instance of some person, the defendant interpleaded, claiming her as his property, upon this testimony, at the instance of the plaintiff, the court instructed the jury.

1. "If the jury believe, from the evidence, that defendant's wife acted as the agent for him during his absence from the State, and as his agent borrowed money to pay for the negro in question; and so appropriated the money thus borrowed, and upon the return of the defendant to the State the acts of the wife were approved and adopted by him, the jury should find for the plaintiff.

2. "That the fact of the slave in question being kept as a servant in defendant's family, and afterwards claimed by the defendant as his property, in a trial of the right of property before the sheriff, are circumstances from which the jury may infer that the wife of the defendant acted as his agent, and that he sanctioned and adopted the acts of the wife in the premises."

The giving of these instructions was unobjected and unexcepted to by the defendant, at whose instance the court gave the following additional instructions.

1. "Unless the jury believe from the evidence that Mrs. Burk (the wife) had authority from her husband to make the loan in question, or that it was subsequently ratified by him, they will find for the defendant.

2. "Unless the jury believe from the evidence, that the defendant had promised, or authorised his wife to promise, to pay the debt, either verbally before the first day of August, 1845, or in writing after that date, and within six years before the commencement of this suit, it was barred by the statute of limitations, and they will find for the defendant."

The jury having found for the plaintiff, a sum equal to the principal and interest remaining unpaid, the defendant moved for a new trial on the grounds, that the verdict was against the instructions, against law,

against the weight of evidence, against law and evidence, and because the damages were excessive.

As already remarked, no .complaint was made concerning the instructions, and if there had been, we think they were well enough. In reference to the damages, it has been seen that they do not exceed the ordinary interest which the law authorises in liabilities of this nature. From all that appears, either affirmatively, or negatively, the wife was as competent to renew the liability of the husband in 1845, as she was to contract it in 1837 ; so that the only question presented has relation to the weight of the testimony. This court has repeatedly declined to interfere with the verdicts of juries, in cases where the evidence, *as preserved upon the record,* seemed even to preponderate against their finding. The reasons for this need not be re-stated—especially in a case where, according to our judgment, the jury found only such a verdict as we would have found ourselves.

The judgment of the court of common pleas is accordingly affirmed.